PROB 22
(Rev. 2/88)

**TRANSFER OF JURISDICTION**

DOCKET NUMBER *(Tran. Court)*
1:07CR078-002

DOCKET NUMBER *(Rec. Court)*

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| GORDON, Marshay | West Virginia Northern | Northern District of West Virginia |

NAME OF SENTENCING JUDGE

Honorable Irene M. Keeley

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM 05/02/2008 | TO 05/01/2010 |
|---|---|---|

08CR 501

OFFENSE
Instigating or Assisting Escape, 18 U.S.C. §752(a)    JUDGE ANDERSEN

MAGISTRATE JUDGE DENLOW

**FILED**
7-8-08
JUL 0 8 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

*June 2, 2008*
Date

*Irene M. Keeley*
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

JUN 2 3 2008

Effective Date

United States District Judge

Civil

Criminal

Query

Reports

Utilities

Search

Logout

# U.S. District Court
## Northern District of West Virginia [Live] (Clarksburg)
## CRIMINAL DOCKET FOR CASE #: 1:07-cr-00078-IMK-JSK-2
## Internal Use Only

Case title: USA v. Hatcher et al

Other court case number:                          1:07-mj-38 USDC ND/WV at Clarksburg

Date Filed: 09/11/2007
Date Terminated: 05/07/2008

Assigned to: District Judge
Irene M. Keeley
Referred to: Magistrate Judge
John S. Kaull

**Defendant (2)**

| | | |
|---|---|---|
| **Marshay Gordon** | represented by | **L. Richard Walker** |
| *TERMINATED: 05/07/2008* | | Federal Public Defender Office-Clk. |
| *also known as* | | The Huntington Bank Bldg. |
| Marshay Binion | | 230 W. Pike St. |
| *TERMINATED: 05/07/2008* | | Suite 360 |
| | | Clarksburg, WV 26302-1720 |
| | | 304-622-3823 |

Fax: 304-622-4631
Email: richard_walker@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| INSTIGATING OR ASSISTING ESCAPE (2) | Defendant sentenced to 2 years probation; no fine; $100.00 special assessment. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| CONSPIRACY TO DEFRAUD THE UNITED STATES (Escape) (1) | Dismissed. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

| **USA** | represented by | **Shawn Angus Morgan** |
| --- | --- | --- |
| | | U.S. Attorney's Office - Clarksburg |
| | | 320 W. Pike St. |
| | | Suite 300 |
| | | Clarksburg, WV 26302 |
| | | (304) 623-7030 |
| | | Fax: (304) 623-7031 |

Email: Shawn.Morgan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/08/2008 | view48 | Probation Jurisdiction Transferred to Northern District of Illinois as to Marshay Gordon ; Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Copy IMK, USA, USP, USM) (mh) (Entered: 07/08/2008) |
| 05/07/2008 | view40 | ORDER: (**SEALED**)STATEMENT OF REASONS as to Marshay Gordon. Signed by District Judge Irene M. Keeley on 5/7/08. (Copy IMK, USA, USP, USM, Counsel)(mh) (Entered: 05/07/2008) |
| 05/07/2008 | view39 | JUDGMENT as to Marshay Gordon (2), Count(s) 1, Dismissed.; Count(s) 2, Defendant sentenced to 2 years probation; no fine; $100.00 special assessment. Signed by District Judge Irene M. Keeley on 5/7/08. (Copy IMK, USA, USP, USM, Counsel, Dft)(mh) (Entered: 05/07/2008) |
| 05/07/2008 | view38 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Marshay Gordon. (mh) (Entered: 05/07/2008) |
| 05/02/2008 | view37 | Minute Order: Proceedings held before District Judge Irene M. Keeley: as to Marshay Gordon. Sentencing held on 5/2/2008 for Marshay Gordon (2), Count(s) 1, Dismissed. Count(s) 2, Defendant sentenced to 2 years probation; no fine; $100.00 special assessment. (Court Reporter L. |

| | | |
|---|---|---|
| | | Bachman.) (cjh) (Entered: 05/02/2008) |
| 01/07/2008 | view34 | ORDER Following Change of Plea and setting Sentencing for 5/2/2008 at 2:00 PM in Clarksburg District Judge Courtroom, 2nd Floor before Chief Judge Irene M. Keeley. Signed by Chief Judge Irene M. Keeley on 1/7/08. (Copy IMK, USA, USP, USM, Counsel, Dft)(ms) (Entered: 01/07/2008) |
| 01/04/2008 | view32 | ORDER as to Plea of Guilty as to Marshay Gordon. Signed by Magistrate Judge John S. Kaull on 1/4/08. (Copy IMK, JSK, USA, USP, USM, Counsel, Dft)(ms) (Entered: 01/04/2008) |
| 01/02/2008 | view29 | WAIVER OF ARTICLE III JUDGE AND CONSENT TO ENTER GUILTY PLEA BEFORE THE US MAGISTRATE JUDGE by Marshay Gordon. (Copy IMK) (ms) (Entered: 01/02/2008) |
| 01/02/2008 | view28 | PLEA AGREEMENT as to Marshay Gordon. (Copy IMK) (ms) (Entered: 01/02/2008) |
| 01/02/2008 | view26 | Minute Proceedings held before Judge Magistrate Judge John S. Kaull: Change of Plea Hearing as to Jeffrey Hatcher and Marshay Gordon held on 1/2/2008; Plea entered by Jeffrey Hatcher (1) Guilty Count 3 and Marshay Gordon (2) Guilty Count 2. (ms) (Entered: 01/02/2008) |
| 01/02/2008 | view25 | ***SEALED*** Proposed Plea Agreement as to Marshay Gordon. (Copy IMK, JSK) (ms) (Entered: 01/02/2008) |
| 11/15/2007 | view21 | ORDER AMENDED INITIAL SCHEDULING ORDER as to Jeffrey Hatcher, Marshay Gordon ***NOTICE TO ATTORNEYS*** : Pursuant to Rule 12.4(a)(1) of the |

| | | | |
|---|---|---|---|
| | | | ***Federal Rules of Criminal Procedure, ALL Non-governmental CORPORATE PARTIES must file a DISCLOSURE STATEMENT with the Court. Additionally, per Rule 12.4(a)(2) of the Federal Rules of Criminal Procedure, the GOVERNMENT must file a statement identifying all organizational victims. Forms are available on the Court's Web Site at http://www.wvnd.uscourts.gov/forms.htm***<br><br>Plea Agreement due by 1/2/2008. Jury Selection set for 1/8/2008 09:30 AM in Clarksburg District Judge Courtroom, 2nd Floor before Chief Judge Irene M. Keeley. Jury Trial set for 1/8/2008 09:30 AM in Clarksburg District Judge Courtroom, 2nd Floor before Chief Judge Irene M. Keeley. Pretrial Conference set for 1/2/2008 12:15 PM in Clarksburg District Judge Courtroom, 2nd Floor before Chief Judge Irene M. Keeley. Signed by Judge John S. Kaull on 11/15/07. (Copy IMK, USA, USM, USP, Counsel for dft)(kd) (Entered: 11/15/2007) |
| 10/19/2007 | | view17 | ** SEALED ** CJA 23 Financial Affidavit by Marshay Gordon. (Copy FPD) (ms) (Entered: 10/19/2007) |
| 10/18/2007 | | view16 | INITIAL SCHEDULING ORDER as to Marshay Gordon<br><br>***NOTICE TO ATTORNEYS*** : Pursuant to Rule 12.4(a)(1) of the Federal Rules of Criminal Procedure, ALL Non-governmental CORPORATE PARTIES must file a DISCLOSURE STATEMENT with the Court. Additionally, per Rule 12.4(a)(2) of the Federal Rules of Criminal Procedure, the GOVERNMENT must file a statement identifying all organizational victims. Forms are available on the Court's Web Site at http://www.wvnd.uscourts.gov/forms.htm<br><br>Discovery due by 10/24/2007. Motion Hearing set for 11/28/2007 at 9:00 AM in Clarksburg Magistrate Judge Courtroom, 3rd Floor before Magistrate Judge John S. Kaull. Signed by Judge John S. Kaull on 10/17/07. (Copy IMK, JSK, USA, USP,USM, counsel, Dft)(ms) (Entered: 10/18/2007) |
| 10/18/2007 | | view15 | ORDER Setting Conditions of Release as to Marshay Gordon (2) PR. Signed by Judge John S. Kaull on 10/17/07. (Copy IMK, JSK, USA, USP, USM, Counsel, Dft)(ms) (Entered: 10/18/2007) |
| 10/18/2007 | | view13 | Arrest Warrant Returned Executed on 10/17/07 in case as to Marshay Gordon. (kd) (Entered: 10/18/2007) |
| 10/17/2007 | | view14 | Minute Proceedings held before Judge John S. Kaull : Initial Appearance and Arraignment as to Marshay Gordon (2) Count 1,2 held on 10/17/2007. (ms) (Entered: 10/18/2007) |
| 10/16/2007 | | view12 | ***SEALED*** (kd) (Entered: 10/16/2007) |
| 10/15/2007 | | view11 | NOTICE OF HEARING as to Marshay Gordon: Initial Appearance and Arraignment reset for 10/16/2007 at 12:00 PM in Clarksburg Magistrate Judge Courtroom, 3rd Floor before Magistrate Judge John S. Kaull. (Copy IMK, JSK, USA, USP, USM, Counsel, Dft) (ms) (Entered: 10/15/2007) |
| 10/01/2007 | | view9 | Summons Returned Executed on 9/25/07 as to Marshay Gordon. (ms) (Entered: 10/01/2007) |
| 09/27/2007 | | view8 | ORDER Initial Appearance reset for 10/15/2007 01:30 PM in |

| | | | |
|---|---|---|---|
| | | | Clarksburg Magistrate Judge Courtroom, 3rd Floor before Magistrate Judge John S. Kaull. Signed by Judge John S. Kaull on 9/27/07. (Copy IMK, USA, USM, USP, counsel for dft)(kd) (Entered: 09/27/2007) |
| 09/27/2007 | | view | Set/Reset Hearings as to Marshay Gordon: Arraignment set for 10/12/2007 at 1:30 PM in Clarksburg Magistrate Judge Courtroom, 3rd Floor before Magistrate Judge John S. Kaull. Initial Appearance set for 10/12/2007 at 1:30 PM in Clarksburg Magistrate Judge Courtroom, 3rd Floor before Magistrate Judge John S. Kaull. (ms) (Entered: 09/27/2007) |
| 09/27/2007 | | view7 | ORDER granting 5 Motion to Continue as to Marshay Gordon (2) ; Initial Appearance and Arraignment reset for 10/12/07 at 1:30 p.m. Signed by Judge John S. Kaull on 9/25/07. (Copy IMK, JSK, USA, USP, USM, Counsel, Dft) (ms) (Entered: 09/27/2007) |
| 09/26/2007 | | view6 | Summons Returned Executed on 9/25/07 as to Marshay Gordon. (ms) (Entered: 09/26/2007) |
| 09/25/2007 | | view5 | MOTION to Continue *Initial Hearing and Arraignment* by Marshay Gordon. (Walker, L.) (Entered: 09/25/2007) |
| 09/19/2007 | | view4 | ORDER appointing L. Richard Walker as counsel for Marshay Gordon. Signed by Judge John S. Kaull on 9/19/07. (Copy IMK, JSK, USA, USP, USM, Counsel, Dft) (ms) (Entered: 09/19/2007) |
| 09/13/2007 | | view3 | NOTICE OF HEARING as to Marshay Gordon; Initial Appearance set for 9/28/2007 at 10:00 AM in Clarksburg Magistrate Judge Courtroom, 3rd Floor before Magistrate Judge John S. Kaull. (Copy IMK, JSK, USA, USP, USM, Counsel, Dft)(ms) (Entered: 09/13/2007) |
| 09/13/2007 | | view2 | Summons Issued as to Marshay Gordon. Initial Appearance set for 9/28/2007 at 10:00 AM in Clarksburg Magistrate Judge Courtroom, 3rd Floor before Magistrate Judge John S. Kaull. (ms) (Entered: 09/13/2007) |
| 09/11/2007 | | view1 | INDICTMENT as to Jeffrey Hatcher (1) Counts 1 & 3; Marshay Gordon (2) Counts 1 & 2. (soa) (Entered: 09/12/2007) |

**FILED**

IN THE UNITED STATES DISTRICT COURT FOR THE  SEP 1 1 2007
NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

UNITED STATES OF AMERICA,

              **Plaintiffs,**

v.

JEFFREY HATCHER and
MARSHAY GORDON a/k/a
   "Marshay Binion,"

              **Defendants.**

Criminal No. _____ *1:07cr78*

Violation:    18 USC §371
              18 USC §751(a)
              18 USC §752(a)

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

### (Conspiracy to Commit Offense Against the United States – Escape)

### A.  Introduction

1.    At all times relevant to this Count of the Indictment, defendant **JEFFREY HATCHER** was in the custody of the federal Bureau of Prisons and, on or about June 21, 2007, was designated to report to the Federal Correctional Institution – Morgantown [FCI – Morgantown], an institutional facility in which he was lawfully confined at the direction of the Attorney General by virtue of a judgment and commitment of the United States District Court for the Northern District of Indiana in case number 2:06CR120PS upon conviction for the commission of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1).

2.    On or about June 21, 2007, defendant **JEFFREY HATCHER** was afforded an unescorted furlough transfer, departing from Federal Correctional Institution – Ashland, Kentucky [FCI–

Ashland] at 8:30 a.m. EST and traveling directly to FCI – Morgantown, where he was to report no later than 12:30 p.m. EST.

3.    At all times relevant to this Count of the Indictment, defendant **MARSHAY GORDON a/k/a "Marshay Binion"** was a resident of Chicago, in the Northern District of Illinois, who provided transportation for defendant **JEFFREY HATCHER**'s furlough transfer, driving him from FCI – Ashland to the Northern District of West Virginia.

### B. The Conspiracy

4.    Between on or about May 17, 2007 through on or about July 25, 2007, at or near Morgantown and Westover, Monongalia County, West Virginia, within the Northern District of West Virginia, and elsewhere, the defendants, **JEFFREY HATCHER** and **MARSHAY GORDON a/k/a "Marshay Binion"**, together and with other persons known and unknown to the Grand Jury, did combine, conspire, confederate and agree to commit an offense against the United States, to wit: to violate Title 18, United States Code, Section 751(a). It was a purpose and object of the conspiracy for the defendant, **JEFFREY HATCHER**, while in the lawful custody of the Attorney General of the United States, knowingly and willfully to escape from the Federal Correctional Institution – Morgantown; in violation of Title 18, United States Code, Section 371.

### C. Manner and Means

5.    It was a part of the conspiracy that defendant **JEFFREY HATCHER** requested a Bureau of Prisons Furlough Transfer from FCI – Ashland to FCI – Morgantown to be transported unescorted by privately owned vehicle.

6.    It was a part of the conspiracy that defendant **MARSHAY GORDON a/k/a "Marshay Binion"** agreed to provide transportation to defendant **JEFFREY HATCHER** for this unescorted furlough transfer.

7.      It was a part of the conspiracy that defendants **JEFFREY HATCHER** and **MARSHAY GORDON a/k/a "Marshay Binion"** traveled to the Northern District of West Virginia, then left for the Northern District of Illinois with defendant **JEFFREY HATCHER** failing to report to FCI – Morgantown as required by law.

### Overt Acts

In furtherance of the conspiracy and to achieve the objects thereof, defendants **JEFFREY HATCHER, MARSHAY GORDON a/k/a "Marshay Binion"**, and their co-conspirators known and unknown to the Grand Jury, committed and caused to be committed the following overt acts in the Northern District of West Virginia and elsewhere:

8.      On or about May 17, 2007, defendant **JEFFREY HATCHER** applied in writing for a furlough transfer from FCI – Ashland to FCI – Morgantown by privately owned vehicle, agreeing to abide by certain Conditions of Furlough, including that

(A)     "I understand that I am subject to prosecution for escape if I fail to return to the institution at the designated time";

(B)     "I will not leave the area of my furlough without permission, with exception of traveling to the furlough destination, and returning to the institution";

(C)     "While on furlough status, I understand that I remain in the custody of the U.S. Attorney General. I agree to conduct myself in a manner not to bring discredit to myself or to the Bureau of Prisons. I understand that I am subject to arrest and/or institution disciplinary action for violating any condition(s) of my furlough";

(D)     "I agree to contact the institution . . . in the event of . . . any other serious difficulty or illness"; and

(E)     "I will not drive a motor vehicle without the written permission of staff;"

(F)    and other over acts.

9.    Sometime between on or about May 17, 2007 and on or about June 21, 2007, defendant

**MARSHAY GORDON a/k/a "Marshay Binion"**

(A)    agreed to drive a car from the State of Illinois to the State of Kentucky to provide

transportation for defendant **JEFFREY HATCHER** from FCI – Ashland to FCI – Morgantown;

(B)    and other overt acts.

10.    On or about June 21, 2007,

(A)    defendant **MARSHAY GORDON a/k/a "Marshay Binion"** drove a privately owned

vehicle from the State of Illinois to the State of Kentucky to pick up defendant **JEFFREY**

**HATCHER** at FCI – Ashland;

(B)    defendants **JEFFREY HATCHER** and **MARSHAY GORDON a/k/a "Marshay**

**Binion"** traveled by privately owned vehicle from FCI – Ashland to the Northern District of West

Virginia;

(C)    defendant **MARSHAY GORDON a/k/a "Marshay Binion"** rented a room for

defendant **JEFFREY HATCHER** and herself at the Econo Lodge motel in Westover, Monongalia

County, West Virginia;

(D)    defendant **JEFFREY HATCHER** failed to report to FCI – Morgantown;

(E)    defendants **JEFFREY HATCHER** and **MARSHAY GORDON a/k/a "Marshay**

**Binion"** left Westover, Monongalia County, West Virginia in a privately owned vehicle and traveled

to  Ashland, Kentucky, picking up a Western Union money order;

(F)    defendants **JEFFREY HATCHER** and **MARSHAY GORDON a/k/a "Marshay**

**Binion"** left Ashland, Kentucky and proceeded to the Northern District of Illinois, arriving at

approximately 3:00 a.m. CST;

(G)    and other over acts.

11.    Between on or about June 22, 2007 and on or about July 25, 2007, having been advised that the United States Marshal Service was seeking to arrest defendant **JEFFREY HATCHER**, whom it considered to be a fugitive from justice, defendants **JEFFREY HATCHER** and **MARSHAY GORDON a/k/a "Marshay Binion"**

(A)    remained in Chicago, in the Northern District of Illinois;

(B)    defendant **JEFFREY HATCHER** failed to return to FCI – Morgantown;

(C)    defendant **MARSHAY GORDON a/k/a "Marshay Binion"** remained in the company of defendant **JEFFREY HATCHER**;

(D)    and other overt acts;

all in violation of Title 18, united States Code, Section 371.

## COUNT TWO

### (Instigating or Assisting Escape)

On or about June 21, 2007, at or near Morgantown, Monongalia County, West Virginia, within the Northern District of West Virginia, and elsewhere, the defendant, **MARSHAY GORDON a/k/a "Marshay Binion"**, did knowingly rescue and attempt to rescue and instigate, aid, and assist the escape of **JEFFREY HATCHER** from the custody of Federal Correctional Institution – Morgantown, an institutional facility in which he was lawfully confined at the direction of the Attorney General by virtue of a judgment and commitment of the United States District Court for the Northern District of Indiana in case number 2:06CR120PS upon conviction for the commission of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1); in violation of Title 18, United States Code, Section 752(a).

## COUNT THREE

### (Escape by Prisoner in Custody)

On or about June 21, 2007, at or near Morgantown, Monongalia County, West Virginia, within the Northern District of West Virginia, and elsewhere, the defendant, **JEFFREY HATCHER,** did knowingly escape from the custody of Federal Correctional Institution – Morgantown, an institutional facility in which he was lawfully confined at the direction of the Attorney General by virtue of a judgment and commitment of the United States District Court for the Northern District of Indiana in case number 2:06CR120PS upon conviction for the commission of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1); in violation of Title 18, United States Code, Section 751(a).

/s/
Foreperson

/s/
SHARON L. POTTER
UNITED STATES ATTORNEY

**FILED**

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

MAY 7 2008

**U.S. DISTRICT COURT**
~~CLARKSBURG, WV 26301~~

|  |  |  |
|---|---|---|
| **NORTHERN** | District of | **WEST VIRGINIA** |

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| | Case Number:    1:07CR078-002 |
| MARSHAY GORDON | USM Number:    05894-087 |
| | <u>Richard Walker</u> |
| | Defendant's Attorney |

## THE DEFENDANT:

X  pleaded guilty to count(s) ___Two___

☐  pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐  was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 752(a) | Instigating or Assisting Escape | 07/25/2007 | Two |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

X  Count(s)  ___One___  X  is  ☐  are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>May 2, 2008</u>
Date of Imposition of Judgment

*Irene M. Keeley*
Signature of Judge

<u>Honorable Irene M. Keeley, U.S. District Court Judge</u>
Name and Title of Judge

*May 7, 2008*
Date

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 2—Probation

DEFENDANT:      **MARSHAY GORDON**                                   Judgment—Page ___2___ of ___5___
CASE NUMBER:    1:07CR078-002

# PROBATION

The defendant is hereby sentenced to probation for a term of      2 years

The defendant shall not commit another federal, state or local crime.

 The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer unless previously collected by the Bureau of Prisons. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

 If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

 The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3—Special Conditions

| | Judgment—Page | 3 | of | 5 |

DEFENDANT:    MARSHAY GORDON
CASE NUMBER:    1:07CR078-002

# SPECIAL CONDITIONS OF SUPERVISION

1.   The defendant shall participate in a program of testing, counseling and treatment for the use of alcohol or drugs, if so ordered by the Probation Officer. The defendant shall submit to three random drug tests during the first three months of the term of her probation, as directed by the Probation Officer. Any further drug testing is in the discretion of the Probation Officer.

2.   The defendant shall participate in a program for mental health counseling, if so ordered by the Probation Officer.

3.   The defendant shall participate in a program for family counseling, if so ordered by the Probation Officer.

4.   The Probation Officer has the discretion to petition the Court to add Home Detention if the defendant's reporting to the Probation Officer is unsatisfactory.

5.   The defendant is to obtain her GED during the course of her supervision.

6.   The defendant shall pay $5.00 per month towards the Special Assessment Fee beginning June 30, 2008. Payments are to be mailed to Clerk, U.S. District Court, Northern District of West Virginia, P.O. Box 1518, Elkins, West Virginia 26241.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 4 — Criminal Monetary Penalties

| | Judgment — Page 4 of 5 |
|---|---|

DEFENDANT:       MARSHAY GORDON
CASE NUMBER:    1:07CR078-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ -0- | $ -0- |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Schedule of Payments

DEFENDANT:    MARSHAY GORDON
CASE NUMBER:    1:07CR078-002

Judgment — Page    5    of    5

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☐  Lump sum payment of $_____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance        ☐ C    ☐ D    ☐ E,  ☐ F, or ☐ G below); or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,    ☐ D,    X F, or   ☐ G below); or

**C**  X  Payment in equal __monthly__ (e.g., weekly, monthly, quarterly) installments of $ __5.00__ over a period of
    __2 years__ (e.g., months or years), to commence __6/30/08__ (e.g., 30 or 60 days); or

**D**  ☐  Payment in equal_____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within_____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

    Financial obligations ordered are to be paid while the defendant is incarcerated, and if payment is not completed during
    incarceration, it is to be completed by the end of the term of supervised release; or

**G**  ☐  Special instructions regarding the payment of criminal monetary penalties:

    The defendant shall immediately begin making restitution and/or fine payments of $_____ per month, due on
    the first of each month. These payments shall be made during incarceration, and if necessary, during supervised release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to Clerk, U. S. District Court, Northern District of West Virginia, P.O. Box 1518, Elkins, WV 26241.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several
    Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

    Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine
    principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.